IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HEARTLAND FOOD, LLC, d/b/a Burger King, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action: 18-CV-2534 <br><br> Judge Rebecca Pallmeyer |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), filed this action alleging that Heartland Food, LLC ("Heartland" or "Defendant") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), when it subjected Charging Party to harassment because of her sex.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of EEOC's Complaint and shall be binding on the EEOC and Defendant; on Defendant's directors, officers, employees, successors and assigns; and on all persons in active concert or participation with Defendant's directors, officers, employees, successors, and assigns.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction over the parties and the subject matter of this action.

   b. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just.

   d. This Decree adequately protects the rights of the EEOC, Defendant, the Charging Party, and the public interest.

5. In 2014, Defendant sold its assets pursuant to asset purchase agreements and is no longer doing business. Defendant is no longer an employer within the meaning of Title VII.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## MONETARY RELIEF

6. No later than thirty (30) days after entry of this Decree and receipt of a copy of the Release Agreement in the form of Exhibit A executed by Charging Party, whichever is later, Defendant shall issue to Charging Party by wire transfer a payment in the amount of $42,500. This amount shall be allocated 100 percent to compensatory damages. In connection with the monetary payment, Defendant shall issue to Charging Party an IRS Form 1099. Contemporaneously, Defendant shall issue to Charging Party's private attorney Christopher Williams of Worker's Law Office, P.C. by wire transfer a payment in the amount of $12,500 for Charging Party's attorney's fees. In connection with this payment, Defendant shall issue the Worker's Law Office an IRS Form 1099.

2

## NON-RETALIATION

7. Defendant and its current or future officers, agents, employees, successors, assigns, and all persons acting in concert with them shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a charge of discrimination under Title VII, or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or asserted any rights under this Decree.

8. In the event that Defendant becomes an employer within the meaning of Title VII within three years from the date of entry of this Consent Decree ("reestablishes business"), Defendant shall immediately contact the EEOC at the address indicated below and be bound to adhere to Paragraphs 9 through 17 below:

## INJUNCTION AGAINST EMPLOYMENT DISCRIMINATION

9. Any reestablished business, its officers, agents, management employees (including supervisory employees), successors, and assigns are hereby enjoined from engaging in employment discrimination prohibited by Title VII by subjecting any employee to a hostile work environment because of his/her sex.

## POSTING OF NOTICE

10. Within ten (10) business days after Defendant reestablishes business, the reestablished business shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree in a location where notices to employees and applicants for employment are normally posted. The Notice shall remain posted for three (3) years from the date that Defendant becomes an employer within the meaning of Title VII. Any reestablished business shall take all reasonable steps to ensure that its posting is not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) days after it

3

reestablishes business that the copy of the Notice has been properly posted. The reestablished business shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

11. For a period of three (3) years following any reestablishment of business, the reestablished business shall maintain records of each complaint of sexual harassment and/or retaliation made by its employees. Such records shall indicate the date the complaint was made, who made it, what was alleged, the person(s) to whom the complaint was made and their positions, and what actions the reestablished business took, if any, in response to the complaint.

12. The reestablished business shall make all documents or records referred to in Paragraph 11 above, available for inspection and copying within ten (10) business days after the EEOC so requests.

## REPORTING

13. The reestablished business shall furnish to the EEOC written reports semi-annually for a period of three (3) years following reestablishment of business. The first report shall be due six (6) months after reestablishment of business. The final report shall be due thirty-five (35) months after the reestablishment of business. Each such report shall contain a summary of the information recorded by the reestablished business pursuant to Paragraph 11.

## TRAINING AND POLICY

14. During each of the three (3) years after Defendant reestablishes the business, all employees of the reestablished business, including all managers, assistant managers, and supervisors shall participate in an annual training session regarding sex discrimination, including sex harassment, and Defendant's policy prohibiting sex discrimination, including sex

harassment, by an outside, independent trainer paid for by the reestablished business and approved by the EEOC. The first training shall take place within ninety (90) days of the reestablishment of business.

15. The reestablished business shall obtain the EEOC's approval of its proposed trainer(s) prior to the training session. The reestablished business shall submit the name, address, telephone number, resume, training proposal, and any materials to be distributed to the participants, to the EEOC at least fifteen (15) calendar days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve the reestablished business' designated trainer(s), the reestablished business shall have five (5) calendar days to identify an alternate trainer(s). The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer(s). If the parties cannot through this process agree on a trainer(s), then they may seek the Court's assistance under Paragraph 18.

16. The reestablished business shall certify to the EEOC in writing within five (5) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; (ii) a copy of an attendance list, which shall include the name and position of each person in attendance; and (iii) a list of all current employees and their positions. The reestablished business shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

17. Within twenty-eight (28) calendar days of the date of reestablishment of business, the reestablished business shall distribute to all of its employees a policy against discrimination,

5

including sex harassment, and retaliation which complies with Title VII and which provides for a complaint process and mechanism for responding to such complaints. Within twenty-eight calendar days of the date of the reestablishment of business, the reestablished business shall also post a copy of these policies in a location customarily used to communicate with employees. The inclusion of this paragraph in the Decree does not represent the Court's or EEOC's approval of the reestablished business' policies.

## DISPUTE RESOLUTION

18. In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

19. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, Defendant has become an employer within the meaning of Title VII, this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following the reestablishment of Defendant becoming an employer, and provided that if at the end of the period that this Decree is to be in effect, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree shall be automatically extended

6

(and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

21. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of any reestablished business.

22. When this Decree requires submissions by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Heartland Food Settlement; 500 West Madison St., Suite 2000, Chicago, Illinois 60661.

SO ORDERED, ADJUDGED, and DECREED on this 24th day of May 2018.

By the Court:

_____
The Honorable Rebecca Pallmeyer
United States District Court

Agreed to in form and content:

For the U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 West Madison Street, Ste. 2000
Chicago, Illinois 60661
312-869-8000

_____
Gregory M. Gochanour
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Laurie S. Elkin
Trial Attorney

For Defendant, HEARTLAND FOOD, LLC
d/b/a/ Burger King

_____
Andrew S. Goldberg

7

## EXHIBIT A

## RELEASE AGREEMENT

I, _____, in consideration for $42,500 paid to me and $12,500 paid to my private attorney for my attorney's fees by Heartland Food, LLC, in resolution of EEOC v. Heartland Food, LLC, d/b/a/ Burger King, No. 18-cv-2534 (N.D. Ill.), waive my right to recover for any claims of sex harassment arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., that I had against Heartland Food, LLC prior to the date of this release and that were included in the claims alleged in EEOC's complaint in this case.

Date: _____  Signature: _____

8

## EXHIBIT B

### NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Heartland Food, LLC, d/b/a Burger King, Case No. 18-CV-2534 resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Heartland Food, LLC, d/b/a Burger King ("Heartland").

In its suit, the EEOC alleged that Heartland discriminated against a female employee by tolerating sexual harassment against her.

To resolve the claims against Heartland, Heartland and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. Heartland has paid $55,000 as a monetary settlement to the victim of discrimination.

2. Heartland will not discriminate on the basis of sex.

3. Heartland will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding.

4. Heartland will distribute to all employees a policy against sex harassment and sex discrimination. Heartland will provide training regarding sex discrimination, including sexual harassment.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8010. The EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below, or three years from the date that Heartland reestablishes its business, and must not be altered, defaced of covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Heartland Food Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.

_May 23, 2018_      _Rebecca R. Pallmeyer_
Date      Hon. Rebecca Pallmeyer
U.S. District Judge

9